1  Patrick F. Bright (SBN 68709)
   pbright@patentattorney.us
2  WAGNER, ANDERSON & BRIGHT, PC
   3541 Ocean View Boulevard
3  Glendale, California  91208
   Tel.:   (818) 249-9300
4  Fax:   (818) 249-9335

5  *Attorneys for Plaintiff Darrell Greenland*

6  Eric W. Hagen (SBN 192340)
   ehagen@mwe.com
7  McDERMOTT WILL & EMERY LLP
   2049 Century Part East
8  Suite 3800
   Los Angeles, CA 90067
9  Tel: (310) 277-4110
   Fax (310) 277-4730
10
   Jeffrey R. Gargano (*pro hac vice*)
11 jgargano@mwe.com
   Avani Macaluso (*pro hac vice*)
12 amacaluso@mwe.com
   McDERMOTT WILL & EMERY LLP
13 227 Monroe Street
   Chicago, IL 60606-5096
14 Tel: (312) 372-2000
   Fax: (312) 984-7700
15
   *Attorneys for Defendants Chervon North America, Inc.;*
16 *Menard, Inc.; Lowe's Home Centers, Inc.; and Lowe's HIW, Inc.*

17

18        **UNITED STATES DISTRICT COURT**

19        **CENTRAL DISTRICT OF CALIFORNIA**

20              **WESTERN DIVISION**

21 DARRELL GREENLAND,                    | Case No. CV12-09747 GW- (AJWx)

22                      Plaintiff,        | **STIPULATION FOR**
                                          | **PROTECTIVE ORDER**
23 v.
                                          | Judge:  Hon. George H. Wu
24 CHERVON NORTH AMERICA, INC.,
   *et al.,*                             | Magistrate: Hon. Andrew J. Wistrich
25
                      Defendants.
26

27 AND RELATED COUNTERCLAIMS.
28

                    [PROPOSED] STIPULATED PROTECTIVE ORDER

On consideration of the Stipulation for Protection of Confidential Materials jointly submitted by Plaintiff Darrell Greenland and Defendants Chervon North America, Inc., Menard, Inc., Lowe's Home Centers, Inc., and Lowe's HIW, Inc., the reasons set forth therein, and it appearing to the Court that such a Protective Order is necessary and appropriate and will facilitate discovery,

**IT IS THEREFORE ORDERED THAT:**

**<u>Stipulated Protective Order</u>**

The production of documents and other disclosure of information in this litigation shall be subject to the requirements and obligations set forth herein and in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

**<u>DEFINITIONS</u>**

1.      "Party" shall mean:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.      "Disclosure or Discovery Material" shall mean:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.      "CONFIDENTIAL" shall mean:  any Party's or non-party's confidential and nonpublic information, the disclosure of which the Producing Party and/or the non-party contends could cause harm to the business operations of the Producing Party and/or the non-party, or provide improper advantage to others, and that is not otherwise marked or designated by the Producing Party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall mean:  any Party's and any non-party's highly confidential and proprietary business, commercial, competitive, financial, marketing, sales and technical information

5.     "Receiving Party" shall mean:  a Party that receives Disclosure or Discovery Material from a Producing Party.

6.     "Producing Party" shall mean:  a Party or non-party that produces Disclosure or Discovery Material in this action.

7.     "Designating Party" shall mean:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

8.     "Protected Material" shall mean:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9.     "Outside Counsel" shall mean:  attorneys and their support staff who are not employees of a Party but who are retained to represent or advise a Party in this action.

10.     "In-House Counsel" shall mean:  attorneys and their support staff who are employees of a Party.

11.     "Counsel" (without qualifier) shall mean:  Outside Counsel and In-House Counsel as well as their respective support staff.

12.     "Expert" shall mean:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation. Pursuant to Section 6 below, an Expert must become a "Qualified Expert" in order to view or access material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

13.     "Professional Vendor" shall mean:  Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing

exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

**1.     SCOPE**

The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

**2.     DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**3.     DESIGNATING PROTECTED MATERIAL**

3.1     Manner and Timing of Designations

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be so designated before the material is disclosed or produced.  Designation in conformity with this Order requires the following:

(a)     For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the bottom of each page that contains Protected Material.  If only a portion or portions of the material qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.  A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.

After the inspecting Party has identified the documents it would like copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the bottom of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)     For testimony given during a deposition or other pretrial or trial proceeding, each Party and/or each Party's Counsel present during the giving of such testimony may identify testimony that it seeks to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY."  Once identified as such, this material shall be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" and immediately treated as such under the provisions of this Protective Order.  Each Party additionally may have up to 30 days after receipt of the formal transcript of the given testimony to identify any material that it seeks to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY."  The Party seeking such protection shall so notify the other Party in writing and identify the portions of the testimony for which protection is sought.  Once identified, both Parties shall treat such material in accordance with the provisions in this Protective Order.

(c)     For information produced in some form other than documentary, and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

### 3.2   Inadvertent Failures to Designate

If the Designating Party, within a reasonable time after producing documents to the Receiving Party, discovers an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Designating Party will not be deemed to have waived its right to secure protection under this Order for such material.  The Designating Party shall, within a reasonable time, identify in writing to the Receiving Party such materials or items the Designating Party seeks to designate with the corrected level of protection indicated for those materials or items.  Upon receipt of such written notification, the Receiving Party shall make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 4.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

### 4.1   Timing of Challenges

Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to pursue a challenge promptly after the original designation is disclosed.

### 4.2   Meet and Confer

A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party.  This conferring may be done by telephone.  In conferring, the challenging Party must explain the basis for its belief

that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

        4.3    Challenging a Designation

        If the parties are unable to agree as to whether the designation of discovery material is appropriate, the party or parties receiving the Protected Materials wishing to contest the designation may file a motion with the Court with regard to any Protected Materials in dispute.  All Protected Materials are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of the Protected Material is entitled to confidential treatment.

5.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

        5.1    Basic Principles

        A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 10 of this Protective Order, "Final Disposition."

        5.2    Disclosure of "CONFIDENTIAL" Information

Unless otherwise ordered by the court upon good cause shown or permitted in writing by the Designating Party, a Receiving Party may disclose information or items designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel in this action and employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees, including In-House Counsel, of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (1) to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment and Agreement to Be Bound attached as Exhibit A ("Agreement to Be Bound"), and (2) who have become a Qualified Expert pursuant to the procedures set forth in Section 6;

(d) the Court and its personnel;

(e) court reporters, their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound; and

(g) the author of the designated document or the original source of the information, any person to whom such "CONFIDENTIAL" information was previously communicated, or any person to whom disclosure was in fact made during the regular course of business.

5.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information

Unless otherwise ordered by the court upon good cause shown, or permitted in writing by the Designating Party, a Receiving Party may only disclose

[PROPOSED] STIPULATED PROTECTIVE ORDER

information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to:

        (a)    the Receiving Party's Outside Counsel in this action and employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

        (b)    Experts (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the Agreement to Be Bound, and (3) become a Qualified Expert pursuant to the procedures set forth in Section 6;

        (c)    the Court and its personnel;

        (d)    court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

        (e)    the author of the designated document or the original source of the information, any person to whom such "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information was previously communicated, or any person to whom disclosure would have been made during the regular course of business.

**6.**    **QUALIFICATION OF EXPERTS**

    6.1    <u>Procedure and Requirements for Qualification</u>

Unless otherwise ordered by the court or agreed in writing by the Designating Party, an Expert must become authorized to view any materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (i.e., a "Qualified Expert"). To become a Qualified Expert, the Party retaining the Expert (the "Retaining Party") must provide to any other Party (1) the full name of the Expert and the city and state of his or her primary residence, (2) a copy of the Expert's current curriculum vitae, (3) the name and number of the case, filing date, and court of any litigation that the Expert has offered expert testimony, including through a declaration, report, or testimony at a

1   deposition or trial, during the preceding five (5) years, and (4) a signed copy of the
2   Agreement to be Bound.

3               6.2    Objections to Qualification

4        A Party (the "Objecting Party") that receives a request to qualify an Expert
5   pursuant to Section 6.1 shall have five (5) court days from receipt of all information
6   required in Section 6.1 to object in writing to an Expert becoming a Qualified
7   Expert under Section 6.1.  Any such objection must set forth in detail the grounds
8   on which it is based.  After the expiration of the 5-day period, if no objection has
9   been asserted, the Expert will become a Qualified Expert.

10              6.3    Procedure for Responding to Objections for Qualification

11       If an objection is timely asserted, the Retaining Party must meet and confer
12   with the Objecting Party to attempt to resolve the matter by agreement.  If no
13   agreement is reached, the Retaining Party may file a motion pursuant to Civil Local
14   Rule 37 (and in compliance with Civil Local Rule 79-5.1, if applicable) seeking
15   permission from the court to qualify the Expert under Section 6.1.

16       **7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED**
17              **PRODUCED IN OTHER LITIGATION**

18       If a Receiving Party is served with a subpoena or an order issued in other
19   litigation that seeks disclosure of any information or items designated in this action
20   as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
21   ONLY," the Receiving Party must so notify the Designating Party in writing upon
22   learning that the subpoena or order seeks disclosure of such information or items.
23   Such notification must include a copy of the subpoena or court order.  The
24   Receiving Party also must immediately inform in writing the Party who caused the
25   subpoena or order to issue in the other litigation that some or all of the material
26   covered by the subpoena or order is the subject of this Protective Order.  In
27   addition, the Receiving Party must deliver a copy of this Stipulated Protective
28   Order promptly to the Party in the other action that caused the subpoena or order to

issue.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material –

**8.** **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Agreement to Be Bound.

**9.** **FILING PROTECTED MATERIAL**

Any filing of Protected Material may be filed under seal without a separate court order provided the pleadings have a reference to this section of this Protective Order.

**10.** **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy all Protected Material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that confirms all Protected Material was  returned or destroyed and

that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material or any information copied or extracted therefrom. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence and attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 2 of this Protective Order, "Duration."

## 11.   MISCELLANEOUS

### 11.1   Right to Further Relief

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

### 11.2   Right to Assert Other Objections

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

Dated:  May 28, 2013          /s/  Patrick F. Bright_____
                              Patrick F. Bright
                              Attorneys for Plaintiff Darrell Greenland

Dated:  May 28, 2013          /s/ Eric W. Hagen_____
                              Eric W. Hagen
                              Attorneys for Defendants Chervon North
                              America, Inc.; Menard, Inc.; Lowe's Home
                              Center, Inc.; and Lowe's HIW, Inc.

**IT IS SO ORDERED.**

Dated:  _____5/30/13_____          _____/s/ Andrew J. Wistrich_____
                                   **The Honorable Andrew J. Wistrich**
                                   **UNITED STATES MAGISTRATE JUDGE**

[PROPOSED] STIPULATED PROTECTIVE ORDER

## **EXHIBIT A**

### **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on _____[date] in the case of *Darrell Greenland v. Chervon*

*North America, Inc.; Menard, Inc.; Lowe's Home Center, Inc.; and Lowe's HIW,*

*Inc.*, Case No. CV12-09747 GW- (AJWx).  I agree to comply with and to be bound

by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this

Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____